**Danny Joe DAUGHERTY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–007–CR.**

Court of Appeals of Texas,
Fort Worth.

April 16, 1998.

Kearney and Westfall, Jeff Kearney, Greg Westfall, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles Mallin, Sylvia Mandel Betty Arvin,

---

Martin Purselley, Assistant District Attorneys, for Appellee.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION ON REMAND

DAY, Justice.

On original submission to this court, we reversed the trial court's judgment and remanded this case for new trial based on the trial court's misuse of the inevitable discovery doctrine. *See Daugherty v. State*, 876 S.W.2d 522, 525 (Tex.App.—Fort Worth 1994), *vacated*, 931 S.W.2d 268 (Tex.Crim. App.1996). On petition for discretionary review to the court of criminal appeals, that court determined that we were correct in finding trial court error, but remanded to us to conduct a harm analysis under former appellate rule 81(b)(2). *See* TEX.R.APP. P. 81(b)(2), 49 TEX. B.J. 448-50 (Tex.Crim.App. 1986, revised 1997). Since the remand, however, rule 81(b)(2) has been replaced by rule 44.2. *See* TEX.R.APP. P. 44.2. Because this case was pending on the effective date of the new rules, we use the new rule to conduct our analysis.[1]

## BACKGROUND

In September of 1989, appellant was parked in a brown pickup on the side of the road. Officer Richard Hart observed appellant get out of his truck, walk up to a house, knock on the door, and immediately place his hand on the door knob. Hart then observed appellant walk around the outside of the house, but lost sight of him for "about a minute." When appellant reappeared, he walked down the driveway, stopped and looked both ways down the street, and then walked back to his pickup. Appellant drove away, and Hart followed.

A short distance from the house, Hart pulled appellant over. When Hart approached appellant to ask for a driver's license, he noticed a crowbar and screwdrivers in the pickup. Hart testified that these items were consistent with burglary tools. Appellant did not have a driver's license, and Hart asked him to step to the rear of the pickup. As he did, Hart noticed two jewelry boxes on the seat. Upon opening the boxes, Hart discovered five gold rings. He arrested appellant for driving without a license, called a wrecker for the truck, and took appellant to the police station.

Later that day, Mike Davis discovered he was missing some rings from his house. That evening, Davis went to the police station and identified as his the five rings seized from appellant's truck. Davis also identified a pair of his brown driving gloves. Based on this evidence, police secured a warrant for appellant's arrest and, eventually, a jury convicted him of burglary of a habitation.

At trial, appellant filed a motion to suppress the evidence taken from his vehicle on the grounds that an illegal search and seizure had taken place. The trial court overruled appellant's motion and made the following finding of fact:

> There is some question as to whether or not he should have touched the jewelry box at that time, but they [the rings] would have been ultimately discovered in the routine inventory search.

*Daugherty*, 876 S.W.2d at 524.

On appeal, we reversed and remanded, holding that the trial court had improperly used the inevitable discovery doctrine. *Id.* at 525. The court of criminal appeals agreed that the inevitable discovery doctrine does not exist in Texas, but remanded for us to conduct a harm analysis. *See State v. Daugherty*, 931 S.W.2d 268, 273 (Tex.Crim. App.1996).

## STANDARD OF REVIEW

■ Rule 44.2 provides for two separate standards of review. The applicable standard is determined by whether the error is

---

1. *See* Court of Criminal Appeals Final Approval of Revisions to the Texas Rules of Appellate Procedure, no.2, (Tex.Crim.App. Sept. 1, 1997) (ordering that the new rules be applied to all cases pending on September 1, 1997 unless to do so would be infeasible or work an injustice). In light of our holding, we determine it does not work an injustice to appellant to employ the new rule in this case.

constitutional or non-constitutional. *See* Tex. R.App. P. 44.2(a), 44.2(b)

Appellant's reply brief is silent regarding which standard to apply. The State contends that we ought to apply rule 44.2(a) because the error is of constitutional magnitude. The State, however, mischaracterizes the nature of the error. The State labels the error as a "warrantless search and seizure," and opines that we should apply a constitutional-harm analysis. Close inspection of our original opinion in this case, though, reveals that we found error in the trial court's reliance on the inevitable discovery of the rings. In doing so, we followed the plurality opinion of *Garcia v. State,* 829 S.W.2d 796 (Tex.Crim. App.1992) (plurality opinion), which held that article 38.23 of the code of criminal procedure does not contemplate an inevitable discovery doctrine. *Garcia,* 829 S.W.2d at 798.

*Garcia* and *Daugherty* make it clear that the inevitable discovery doctrine is inapplicable in Texas not because of a constitutional protection, but rather because it violates a State statute. Our determination, then, that the trial court's error in applying the inevitable discovery doctrine is not of constitutional dimensions. It is an error in statutory interpretation, i.e., the trial court failed to acknowledge that the inevitable discovery doctrine does not apply in Texas due to article 38.23. Tex.Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp.1998). Because the error is non-constitutional, we must apply rule 44.2(b).

### ANALYSIS

█ Rule 44.2(b) provides that as an appellate court, we must disregard any nonconstitutional error that does not affect substantial rights. *See* Tex.R.App. P. 44.2(b). The court of criminal appeals has held that a substantial right is affected when the error

had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State* 953 S.W.2d 266, 271 (Tex. Crim.App.1997); *see also Coggeshall v. State,* 961 S.W.2d 639, 642–44 (Tex.App.—Fort Worth 1998, no pet. h.). Here, we cannot disregard the trial court's error in erroneously admitting the rings. Without the rings, the evidence of appellant's guilt is tenuous. Remaining are a crowbar, driving gloves belonging to the victim, and a pawn ticket regarding an extraneous offense.[2] Moreover, the extraneous offense evidence was offered as evidence of common scheme or plan and involved the pawning of two other rings. That evidence has no relevance to the case as evidence of a common scheme or plan whatsoever without the five rings seized as a result of the illegal search.

### CONCLUSION

The trial court's error in denying appellant's motion to suppress the rings had a substantial effect on the jury's verdict, and appellant was harmed by their admission.[3] In light of our disposition of the harm analysis, we need not address appellant's reply points in his amended brief on remand.[4] Therefore, we again reverse the trial court's judgment and remand for a new trial.

---

2. The pawn ticket was offered as extraneous offense evidence. It showed that appellant had on a prior occasion pawned two rings belonging to Davis. The two rings pawned, however, were not of those seized from appellant's truck. Also, we note that the state offered as evidence pictures of the rings. However, had the rings been properly excluded as obtained in violation of the law, the photographs too would have been inadmissible.

3. Although the jury may have convicted appellant of burglary based on the driving gloves, it is likely that the rings themselves had a substantial influence on the jury's verdict.

4. Appellant raises four points, none of which, if successful would require us to render an acquittal. Further, the only relief for which appellant prays is that we reverse and remand his case for a new trial.