**Ricky HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–98–0322–CR.

Court of Appeals of Texas,
Amarillo.

May 25, 2000.

Floyd D. Holder, Jr., Lubbock, for appellant.

State Attorney's Office, Matthew Paul, Austin, Lubbock County Attorney's Office, William C. Sowder, Wade Jackson, Lubbock, for appellee.

BRIAN QUINN, Justice, dissenting from denial of request for reconsideration en banc.

I respectfully dissent from the decision to deny reconsideration *en banc* of the panel opinion issued in *Hernandez v. State,* 13 S.W.3d 492 (Amarillo, 2000, no pet. h.). The request was made *sua sponte* pursuant to Texas Rules of Appellate Procedure 49.7 and 50 due to my conclusion that the panel's application of Texas Rule of Appellate Procedure 44.2(b) in overruling issues seven, eight, and nine not only conflicts with decisions from other courts of appeal but also contradicts binding precedent of the United States Supreme Court. Given this precedent, the panel's decision to apply Rule 44.2(b) was incorrect, and reconsideration of that part of the opinion *en banc* was needed to remedy the error.

Through points seven, eight and nine, appellant contended that the trial court erred in permitting the State to present evidence obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution, article I, § 9 of the Texas Constitution, and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure. The evidence in question concerned appellant's possession of cocaine, and, according to appellant, its discovery was unlawful because the search and seizure performed by the police violated the aforementioned laws. The panel agreed in part. Thus, it held not only that the police officer's conduct "violated ... the Fourth Amendment" but also that the evidence regarding appellant's possession of cocaine "was obtained in violation of ... [his] Fourth Amendment rights."

Having determined that the evidence was obtained in violation of the United States Constitution, the panel's work was not over. Rather, it had to address two other subjects. One concerned the question of whether the trial court's decision to admit the evidence obtained in violation of the constitution was harmful. But, before it could do that, it had to decide what test to apply in measuring the potential harm. The test it selected was that enunciated in Texas Rule of Appellate Procedure 44.2(b), as opposed to that expressed in Rule 44.2(a).[1] In choosing 44.2(b) rather than 44.2(a), the panel erred in several respects.

First, the panel held that the evidence was obtained in violation of the Fourth Amendment to the United States Constitution. Since it found that particular right to have been violated, precedent from the United States Supreme Court obligated the court to assess harm via the standard mandated by federal, as opposed to state, law. *Chapman v. California,* 386 U.S. 18,

---

1. Texas Rule of Appellate Procedure 44.2(a) states that "[i]f the appellate record ... reveals constitutional error that is subject to harmless error review, the court of appeals must reverse ... unless the court determines beyond reasonable doubt that the error did not contribute to the conviction or punishment." Rule 44.2(b) states that "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

20–22, 87 S.Ct. 824, 826–27, 17 L.Ed.2d 705 (1967). Moreover, federal law dictated that in assessing harm arising from the violation of a constitutional right the rule to be used is that requiring the beneficiary of the error (in this case the State) to prove "beyond a reasonable doubt" that the error did not contribute to the outcome. *Id.* at 23–24, 87 S.Ct. at 827–28, 17 L.Ed.2d at 705. For this reason, the foregoing standard has been, and continues to be, utilized in determining whether reversal is necessary due to the admission of evidence obtained in violation of the Fourth, Fifth and Sixth Amendments to our federal constitution, for instance. *Arizona v. Fulminante,* 499 U.S. 279, 309–11, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991).[2]

Next, comparison of the test propounded in *Chapman* with Texas Rules of Appellate Procedure 44.2(a) and (b) revealed that Rule 44.2(a) encapsulated the *Chapman* standard for assessing harm when a constitutional right is breached. Rule 44.2(b) did not. So, because the panel found that the evidence in question had been obtained in violation of the Fourth Amendment, it was obligated to apply Rule 44.2(a) to comply with United States Supreme Court precedent. Nevertheless, the lesser standard of 44.2(b) was adopted by the panel. Thus, its decision deviated from Supreme Court mandate.

Second, while the panel opinion suggests otherwise, this court was not writing on a clean slate. In addition to the cases cited above, at least one of our sister courts of appeal has held that the "beyond reasonable doubt" standard applied in measuring harm like that at bar. That is, in *Villalobos v. State,* 999 S.W.2d 132 (Tex.App.—El Paso 1999, no pet.), the El Paso Court of Appeals concluded that the police officers lacked probable cause to undertake the arrest and search there at issue. Thus, the evidence seized by those officers was illegally obtained and subject to suppression. *Id.* at 136. Because the evidence was not excluded, however, the El Paso Court of Appeals determined that the trial court erred.

Next, in deciding what harm analysis to apply, the El Paso appellate court deemed the error constitutional since "it implicate[d] the right to be free of unreasonable searches and seizures under the U.S. and Texas Constitutions." *Id.* Given this, it held that the test to apply was that enunciated in Rule 44.2(a); in other words, reversal was mandated "unless the record established beyond a reasonable doubt that admission of the contraband ... did not contribute to [the appellant's] conviction." *Id.* at 136. In so holding, the court's decision not only comported with *Chapman* above but also *Abdnor v. State,* 871 S.W.2d 726 (Tex.Crim.App.1994) wherein the Texas Court of Criminal Appeals held that the "beyond reasonable doubt" standard applied to error implicating state or federal constitutional right. *Abdnor v. State,* 871 S.W.2d at 732 & n. 6.

Here, the panel did not consider or distinguish *Villalobos* and, consequently, its decision now conflicts with that of the El Paso Court of Appeals.

Third, while it may be that the exclusionary rule as enunciated in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), arose not so much from the constitution as it did from the minds of those sitting on the Supreme Court, it is nonetheless intertwined with constitutional right. Indeed, it is nothing short of a remedy to ameliorate constitutional wrong. *Pennsylvania Bd. Probation & Parole v. Scott,* 524 U.S. 357, 362, 118 S.Ct. 2014, 2019, 141 L.Ed.2d 344

---

**2.** The primary authority relied upon by the panel does not affect this rule. This is so because neither *Pennsylvania Bd. Probation & Parole v. Scott,* 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998) nor *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) dealt with the issue of what harm analysis to apply. So, while those cases may be informative on whether the exclusionary rule is of constitutional genesis, they are of little relevance to the question at bar.

(1998). And, existing to remedy such violations, it must be viewed within that context. Thus, it is not enough to say that the exclusionary rule was judicially (as opposed to constitutionally) created, and because it was so created, the court's failure to exclude evidence obtained in violation of the constitution is non-constitutional error for purposes of a harm analysis. Again, because the remedy exists to correct a wrong, the focus must lie on the wrong and its nature, not the nature of the remedy. So, irrespective of who may have manufactured the exclusionary rule, the pivotal issue in determining whether 44.2(a) (the "beyond reasonable doubt" standard) or 44.2(b) (the "substantial rights" standard) applies is the constitutional nature, if any, of the right which triggers application of the exclusionary rule. If that right is constitutional, then rule 44.2(a) applies; if it is not, then 44.2(b) applies. *Abdnor v. State, supra; Villalobos v. State, supra.*

Next, because the right found to have been violated at bar was nothing less than the Fourth Amendment, any harm arising from the court's failure to enforce that right by excluding the evidence had to have been measured via Rule 44.2(a). *Arizona v. Fulminante, supra; Villalobos v. State, supra.* The panel did not do so. Instead, it severed the remedy from the right involved and then merely considered the origin of the remedy in deciding what harm analysis to apply.

For the foregoing reasons, I believe that reconsideration *en banc* was needed and respectfully dissent from the decision to deny same.