COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| JOHNNY CHESTER SAUNDERS | | No. 08-09-00013-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 422nd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Kaufman County, Texas |
| | § | |
| Appellee. | | (TC# 26454-422) |
| | § | |
| | § | |

**O P I N I O N**

Johnny Chester Saunders appeals his conviction for two counts of aggravated sexual assault of a child. Appellant was convicted by a jury, and sentenced to 12 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Appellant raises several issues challenging the trial court's admission of extraneous offense testimony, and a single issue in which Appellant contends he suffered from ineffective assistance of counsel during trial.

In June of 2007, F.S., attended a youth camp organized by the youth pastor of the Baptist church her family attended. During camp, the youth pastor's wife lead a discussion about the power of faith to overcome personal tragedy. Each group member was encouraged to give a verbal "testimonial" about their own experiences. F.S. was not able to verbalize her testimonial during the group discussion, but wrote a letter to the youth pastor's wife when she returned home. F.S. never delivered the letter. But, her mother found the letter in early July. In the letter,

F.S. accused her father of numerous acts of sexual abuse. When Mrs. Saunders showed Appellant the letter, he took it to his workshop to read, but would not immediately discuss it with his wife. Later, he called his wife from work and said F.S. was lying.

The following evening, F.S. and her mother were unloading groceries after a trip to Wal-Mart, when F.S. asked her mother if she could spend the night at her cousin's house for a second time. Mr. Saunders had already told F.S. she could not go, and when her daughter asked again, Appellant became angry and started yelling about the letter, and calling his daughter a "liar" and other names. This was the first time F.S. knew anyone else knew about the letter. Mrs. Saunders called her sister for help, and the police arrived shortly thereafter.

F.S. described the abuse in detail at trial. She testified that prior to her brother's birth in December 1996, she remembered several occasions being in the family's living room while her father watched pornographic videos. F.S. was three-years-old at the time. On one of the occasions when Appellant was watching these videos, he made F.S. perform oral sex on him. On another occasion, also involving the videos, Appellant instructed F.S. to perform oral sex on him, and then Appellant performed oral sex on F.S.

On cross-examination, F.S. testified that L.W., who lived next-door to the family, and was F.S.'s friend and playmate at the time, also witnessed Appellant watching pornographic videos. L.W. later testified, over defense counsel's objections, that occasionally when she and F.S. were playing in the Saunders' house she would see Appellant watching pornographic videos on the family's bigscreen T.V. On one occasion when L.W was playing with F.S. at the Saunders' home, Appellant asked the child to sit in his lap in the living room. L.W. testified that Appellant proceeded to put her hand down his pants, and placed his own hand down the girl's

pants. Appellant caused L.W. to fondle his penis, while he fondled the girl's vagina. Then Appellant took L.W. into the bedroom where a pornographic movie was playing on the television, instructed the child to lay on the bed, and continued to fondle her vagina. Appellant stopped, and L.W. left the house when Mrs. Saunders arrived at the house. L.W. testified that she never told anyone about the abuse, including F.S., until she was contacted by the Kaufman County police about this case.

Appellant testified in his own defense at trial. Appellant denied the allegations, and indicated that he believed that F.S. made up the abuse because she was afraid of, and was being manipulated by, her mother. He also hypothesized that F.S. wrote the letter following church camp because around that time, Appellant told the family that he intended to divorce his wife. The divorce, he thought, could have something to do with F.S.'s decision to make the accusations. When questioned about the two girls' testimony that they watched pornographic movies with Appellant, he denied the activity, and stated "I mean I'm a soft-hearted man, I couldn't do anything like that."

The jury convicted Appellant of two counts of aggravated sexual assault of a child, for the abuse of F.S., and sentenced him to twelve years' imprisonment. On appeal, Appellant raises four issues for our review. Issues One, Two, and Three challenge the trial court's admission of L.W.'s testimony over defense counsel's objections. In Issue Four, Appellant contends he was denied his constitutional right to effective assistance of counsel. We address the evidentiary issues first.

Prior to L.W.'s testimony in front of the jury, the trial court heard argument on defense counsel's objections to the young woman's testimony. The prosecutor stated that L.W.'s

testimony would be offered to rebut Appellant's frame-up or fabrication defensive theories, and that defense counsel had opened the door to the evidence by cross-examining F.S. and Mrs. Saunders about L.W. Defense counsel objected to the testimony on the basis that it was inadmissible extraneous offense evidence, more prejudicial than probative, and irrelevant. *See* TEX.R.EVID. 402, 403, and 404(b).

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex.Crim.App. 2006). Absent a demonstration that the court's decision was outside the zone of reasonable disagreement, the reviewing court should uphold the ruling. *Id.* In the event of an erroneous admission of evidence, we must still determine the error was harmful before the error can serve as a basis for reversal. *See* TEX.R.APP.P. 44.2; *Villalobos v. State*, 999 S.W.2d 132, 136 (Tex.App.--El Paso 1999, no pet.).

In Issue One, Appellant contends the trial court abused its discretion by allowing L.W. to testify because her testimony was inadmissible extraneous offense evidence offered to establish a criminal character. Rule 404 of the Texas Rules of Evidence prohibits an accused from being tried for a collateral crime, or for having a generally criminal character. TEX.R.EVID. 404(b); *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App. 1983). Extraneous offense evidence that has relevance to an issue other than character conformity, may be admissible. TEX.R.EVID. 404(b); *Moses v. State*, 105 S.W.3d 622, 626 (Tex.Crim.App. 2003). Rebuttal of a defensive theory is one of the permissible purposes for the admission of relevant evidence which would otherwise run afoul of Rule 404(b). *Moses*, 105 S.W.3d at 626. In sexual assault cases in particular, evidence of the extraneous offenses are properly admitted to rebut a defensive theory

-4-

that the defendant is the victim of a frame-up, or fabrication by the complainant. *Wheeler v. State*, 67 S.W.3d 879, 887-88 n.22 (Tex.Crim.App. 2002).

During her opening remarks in voir dire, defense counsel stated "[t]he only thing worse than a child being sexually assaulted is being falsely accused of sexually abusing a child." During closing argument, defense counsel asked the jury to focus on F.S.'s credibility. She reiterated the potential danger for a defendant who is accuse of sexually abusing a child. Counsel argued that the delay in reporting the allegations, and the timing of F.S.'s outcry were suspicious, and further argued that F.S.'s inability to recall details about the abuse, or how many times it happened cast serious doubt on F.S.'s credibility.

The State argues, in part, that L.W.'s testimony was offered to rebut Appellant's fabrication, or frame-up defense. During F.S.'s cross-examination, defense counsel implied that F.S. made-up the allegations because her parents were not getting along at the time. Counsel spent much of F.S.'s examination asking the young woman whether she lied in her letters and notes to her friends, knowing her mother would look through them, whether her mother trusted her, whether she kept secrets from both her parents, whether she was often in trouble, and whether her mother was physically abusive. During Mrs. Saunders' examination, defense counsel indicated that F.S. made-up the accusations, or that her mother forced her to make a false out-cry because of the discord in the marriage. Furthermore, Appellant testified that F.S. was being manipulated by her mother because of the divorce, and that the child made the accusations out of fear of Mrs. Saunders.

Given the state of the record, we find that the trial court could have reasonably concluded that L.W.'s testimony was not offered purely for character conformity purposes, but was offered

to rebut Appellant's defensive theory that F.S. was untruthful, and fabricated her accusations. As such, the court's decision to overrule Appellant's 404(b) objection, and permit L.W. to testify, could not be an abuse of discretion. Issue One is overruled.

In Issue Two, Appellant challenges the trial court's conclusion that the probative value of L.W.'s testimony was not substantially outweighed by its potentially prejudicial effect. Otherwise admissible evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See Flores v. State*, 299 S.W.3d 843, 858 (Tex.App.--El Paso 2009, no pet.). Texas Rule of Evidence 403 favors the admission of evidence, however, and carried a presumption that the potentially prejudicial effect of relevant evidence will not substantially outweigh its probative force. *See id*. When faced with an objection under Rule 403, the trial court must perform a balancing test to determine admissibility. *Id*. Evidence is unfairly prejudicial when it has "'an undue tendency to suggest that a decision be made on an improper basis.'" *Reese v. State*, 33 S.W.3d 238, 240 (Tex.Crim.App. 2000). The balancing test consists of an analysis of: (1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational way; (3) the time the proponent will need to develop the evidence; (4) the proponent's need for the evidence, i.e., whether other evidence is available, and whether the fact of consequence is related to a disputed issue. *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex.Crim.App. 1990)(op. on reh'g).

In this instance, the trial court explained its balancing analysis on the record. The court explained that in light of Appellant's defensive theories, and the question of F.S.'s credibility as raised by Appellant, the probative value of L.W.'s testimony was not substantially outweighed by

-6-

the danger of unfair prejudice. Under these circumstances, and given our prior discussion of the evidence, we must also conclude the trial court's decision was not outside the zone of reasonable disagreement, and therefore did not constitute an abuse of discretion. Accordingly, Issue Two is overruled.

Issue Three contains Appellant's argument that L.W.'s testimony was inadmissible because it was irrelevant. *See* TEX.R.EVID. 401 and 402. The discussion of this issue is limited to two, double spaced paragraphs stating the standard of review for evidentiary error, citing to the page in the record where defense counsel raised the objection, and then summarily concluding that the testimony "did not make the existence of a fact that was 'of consequence' to the determination of the action more probable than it would be without the evidence."

The Texas Rules of Appellate Procedure require an appellant to provide the court with clear and concise argument, with appropriate citation to legal authority and the record. *See* TEX.R.APP.P. 38.1(i). Failure to adequately brief an issue, results in waiver of that issue. *See McDuff v. State*, 939 S.W.2d 607, 613 (Tex.Crim.App. 1997). Because Appellant's brief does not contain an adequate discussion of the issue, the relevancy challenge is waived, and Issue Three is overruled.

In Issue Four, Appellant argues his trial attorney was constitutionally ineffective due to a lack of "trial strategy" which he concludes led counsel to "'open the door' to admission of an extraneous sexual assault offense." The standard for determining claims of ineffective assistance of counsel under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, the defendant must demonstrate that counsel's performance was

deficient to such an extent that counsel failed to function as the "counsel" guaranteed by the Constitution. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). In addition, counsel's performance is supported by a strong presumption that it fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The reviewing court must consider the totality of the representation and the particularities of each case in evaluating effectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Only if the defendant is successful in proving counsel was deficient, will we consider the second prong of the analysis, and inquire whether counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson*, 877 S.W.2d at 771.

All allegations of ineffective assistance of counsel must be firmly founded in the record. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). It is the appellant's burden to establish a constitutionally deficient representation by a preponderance of the evidence. *See Thompson*, 9 S.W.3d at 813. The reviewing court will consider the entirety of the record from counsel's perspective during trial, rather than engage in a hindsight-driven assessment of isolated acts or omissions. *See Jensen v. State*, 66 S.W.3d 528, 543 (Tex.App.--Houston [14th Dist.] 2002, pet. ref'd). An error in trial strategy is sufficient to satisfy the first prong of the *Strickland* analysis if counsel's actions lacked any plausible basis. *See Jensen*, 66 S.W.3d at 544.

Appellant filed a motion for new trial, in part, based in his argument that defense counsel's lack of trial strategy lead to her "opening the door" for the extraneous offense evidence to be admitted. During the hearing on the motion, the trial court heard testimony from defense counsel that her defensive strategy was to attack the complainant's credibility. She testified further, that she anticipated the possibility that this particular defense could "open the door," and

came to trial, researched and prepared to present case law on the issue in support of Appellant's position that the evidence was not admissible. Counsel admitted that the trial court's ruling admitting L.W.'s testimony into evidence was an unintended consequence of the questions related to Appellant's defensive theory, but that her trial preparation had been focused on avoiding the extraneous offense evidence.

In summary, counsel's testimony demonstrated that she did have a trial strategy which she pursued throughout trial. She went to trial prepared to challenge the admission of of L.W.'s testimony, because although she did not intend to open the door for the admission of such evidence, she recognized the possibility given the basis of Appellant's defense. Based on the record developed through Appellant's motion for new trial, as well as our review of the record of counsel's representation as a whole, we conclude Appellant has not satisfied his burden to establish counsel's performance was deficient. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). Therefore, Appellant has failed to meet the first prong of the *Strickland* analysis. *See Jensen*, 66 S.W.3d at 544. Accordingly, we overrule Issue Four.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

May 5, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, and Larsen, JJ.

Larsen, Justice (Sitting by Assignment)

(Do Not Publish)