Jesse Torris SALAS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–051CR.

Court of Appeals of Texas,
(Houston, 14th Dist.).

Dec. 31, 1981.

---

included offense of aggravated assault. The jury found appellant guilty of aggravated assault and assessed punishment at ten (10) years confinement in the Texas Department of Corrections. Appellant filed a Motion for New Trial and a hearing was held. The motion was denied and judgment was entered in accordance with the verdict. Appellant now appeals raising two grounds of error. We find no merit in appellant's grounds and we affirm.

■ In his first ground of error appellant asserts the trial court erred in overruling his Motion for New Trial, which was based on a claim of jury misconduct. The Tex. Code Crim.Pro.Ann. art. 40.03, "Grounds for new trial in felony," provides in pertinent part:

> New trials, in cases of felony, shall be granted the defendant for the following causes .... (8) Where, from the misconduct of the jury, the court is of the opinion that the defendant has not received a fair and impartial trial...

Appellant claims the testimony brought forward at the Motion for New Trial hearing reveals at least one juror, the foreman, compromised the verdict at the punishment stage which denied appellant a fair and impartial trial. The foreman, R. B. Heaton, testified he believed appellant was guilty of attempted murder but went along on a finding of guilt of aggravated assault. He stated, however, at the punishment stage of trial he refused to agree to punishment of less than ten years because he believed appellant was guilty of the greater offense. This testimony, appellant asserts, shows jury consideration of a greater offense at the punishment stage of trial. Accordingly, such action by the jury compromised the verdict on punishment and therefore denied the appellant a fair and impartial trial.

We cannot agree with appellant's argument. After reviewing the statement of facts we do not see how the actions of Mr. Heaton could amount to juror misconduct. Mr. Heaton testified he personally believed the appellant was guilty of attempted murder but went along with the majority of the

Robert A. Scardino, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appellant was indicted for the offense of attempted murder as a result of a shooting incident outside a lounge. Appellant pled not guilty and had his case tried before a jury. The court charged the jury as to the offense of attempted murder and the lesser

jury and agreed on the lesser included charge. This action certainly cannot be said to represent a compromise of appellant's rights. Any "compromise" by Mr. Heaton was to appellant's advantage. He also testified that while he maintained a *personal* belief appellant should have been found guilty of attempted murder, there was no consideration of the greater charge during punishment deliberations. He also stated he did not make a "trade off" by agreeing to the lesser offense if the maximum penalty were to be assessed. He stated he merely made it known during the punishment stage he would not agree to anything less than ten years because of his belief in the greater offense.

Jane McAuliffe, the other juror called at the Motion for New Trial, supported Mr. Heaton's testimony that no "trade off" was made during punishment deliberations. She testified that only one or two jurors initially believed appellant deserved less than the maximum sentence for aggravated assault. The greater offense was not discussed at the punishment stage. Rather, the discussion centered on whether appellant should receive the maximum sentence and whether parole should be recommended. Punishments other than the maximum were discussed, but the verdict was unanimous the appellant should receive ten years.

The foreman's refusal to consider less than ten years was apparently a reflection of his personal conviction of the seriousness of the crime committed and his belief appellant deserved the maximum penalty. This does not amount to misconduct so as to deny the appellant a fair and impartial trial. *Sandoval v. State*, 151 Tex.Cr.R. 430, 209 S.W.2d 188 (1948). Compromise is at the heart of jury deliberation. As the Court of Criminal Appeals stated in *Jones v. State*, 148 Tex.Cr.R. 374, 187 S.W.2d 400 (1945), "(m)any verdicts are arrived at through matters of compromise, argument, exchange of views and discussion among the jurors..." *Id.* at 405. It is through the "give and take" of opinions that a jury arrives at a verdict. *Id.* See also: *United States v. Johnson*, 495 F.2d 1097, 1103 (5th Cir. 1974). That Mr. Heaton "held out" for a punishment within the statutory limits of the crime convicted cannot amount to a denial of a fair and impartial trial. Article 40.03(8); See: Tex.Penal Code Ann. § 12.-34(a) (Vernon 1974). This ground of error is overruled.

Appellant contends in his second ground of error the trial court erroneously excluded as hearsay relevant evidence of his state of mind at the time of the offense. This ground concerns appellant's attempt to testify about the complainant's probation. Appellant's defense at trial relied on his claim he lacked the intent to kill or seriously harm the complainant. Appellant was the owner of the lounge where the shooting occurred. It was asserted through appellant's evidence that the complainant, an acquaintance of appellant, was intoxicated and creating a disturbance prior to the shooting. Apparently appellant had repeatedly asked the complainant to leave the lounge, but the complainant continued to return and cause trouble. Appellant claims he refused to call the police, however, because he "liked" the complainant and did not wish to get him in further trouble with the police. It was appellant's concern over the complainant's losing probation that supported his claim of lack of intent to harm the complainant. Appellant asserts the only way he could have established this claim was to show the complainant was on probation of the time of the shooting. In his brief and through his bill of exception appellant maintains the testimony of the complainant's probation was not offered to prove the truth of the matter but to show appellant's reason for not calling the police. Therefore, asserts appellant, the exclusion of the testimony on hearsay grounds was erroneous.

■ While we agree with the trial court the proffered testimony would amount to hearsay under usual circumstances, see: 1A Roy, *Law of Evidence* (3rd ed. 1980) § 792, the testimony was not hearsay in this situation. Appellant's testimony the complainant was on probation at the time of the

shooting was not offered to prove the truth of the matter but to show appellant's state of mind toward the complainant. Appellant was merely attempting to relate the basis for his state of mind which would not be excludable as hearsay. *Id.* at §§ 798–799.

 The trial court was correct, however, in sustaining the State's objection and refusing to admit appellant's testimony. We see the evidence of the complainant's probation as being irrelevant when seen in light of its prejudicial qualities. McCormick, *Evidence* (2nd ed. 1972) § 185, p. 439. The general rule for determining the admissibility of any type of evidence is whether the probative value of such evidence outweighs its inflammatory nature. *Mallicote v. State*, 548 S.W.2d 42 (Tex.Cr.App.1977); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972). The inflammatory aspect of appellant's testimony outweighed any probative value in the case. Since this testimony lacked probative value the court's exclusion of the testimony was proper. When a trial court's ruling on the admissibility of evidence is correct, even though for the wrong reason, the ruling must be affirmed. *Spann v. State*, 448 S.W.2d 128 (Tex.Cr.App.1969). This ground of error is overruled.

Judgment affirmed.