**The STATE of Texas, Appellant,**

v.

**Elbert Glynn GILES, Appellee.**

**No. 08–92–00331–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 1, 1993.

Rehearing Overruled Jan. 5, 1994.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

David C. Guaderrama, Bruce W. Wheathers, El Paso County Public Defenders, El Paso, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

LARSEN, Justice.

Elbert Giles was indicted on three counts of indecency with a child and one count of aggravated sexual assault of a child. After a hearing on Giles's Motion to Suppress, the trial court suppressed all of the items that the State discovered during the search of Giles's vehicle while it was located at the sheriff's impound lot. This included the contents of an unlocked briefcase, an unlocked gun case, and a locked grey metal box. The State appeals from the trial court's order suppressing this evidence. Giles files two cross-points challenging the trial court's order refusing to suppress other matters. We affirm the trial court.

## FACTS

On April 19, 1990, United States Postal Inspector David Wood, accompanied by a number of El Paso County Sheriff's deputies, stopped Giles's vehicle in Horizon City, Texas, and arrested him. The arrest was pursuant to a warrant issued in Las Cruces, New Mexico by a United States Magistrate. The officers did not have a search warrant at the time of arrest. Upon arresting Giles, the officers made a brief on-the-scene search of his vehicle, and conducted a more thorough search after taking the vehicle to the El Paso County Sheriff's impound lot.

Giles challenged the legality of the automobile search as well as a confession and consent to search obtained after he invoked his right to counsel. At the conclusion of a hearing on the Motion to Suppress Evidence, the trial court suppressed a number of items. The trial court's conclusions of law stated that the search at the sheriff's impound lot was a warrantless exploratory search for evidence rather than a valid inventory search.

## THE STATE'S POINTS OF ERROR

In three points of error, the State argues that the trial court erred in suppressing the contents of a briefcase, gun case, and grey metal box because all items were opened pursuant to the lawful inventory search of Giles's vehicle.[1]

1. *Standard of Review on a Motion to Suppress.*

The trial judge is the sole and exclusive trier of facts at a hearing on a motion to suppress. *Romero v. State*, 800 S.W.2d 539 (Tex.Crim.App.1990). On appeal, a reviewing court does not engage in its own factual review but decides whether the trial judge's fact-findings are supported by the record. If the record supports the findings of fact entered by the trial court, this Court is not at liberty to disturb them, and on review, we address only the question of whether the trial court improperly applied the law to the facts. *Romero*, 800 S.W.2d at 543; *Self v. State*, 709 S.W.2d 662 (Tex.Crim. App.1986); *Johnson v. State*, 698 S.W.2d 154, 159 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). This Court must consider the totality of the circumstances in determining whether the record supports the trial court's findings, and the findings will not be disturbed absent a clear abuse of discretion. *Dancy v. State*, 728 S.W.2d 772, 777 (Tex.Crim.App.), *cert. denied*, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987). This Court will sustain the trial judge's decision if it is correct on any theory of law applicable to the case, even though the trial judge gave the wrong reason

1. The State briefed all three points of error together because they are all related to the same inventory search.

for the decision. *Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex.Crim.App.1988); *Salas v. State*, 629 S.W.2d 796 (Tex.App.—Houston [14th Dist.] 1981, no pet.).

## 2. Burden of Proof in a Motion to Suppress Physical Evidence.

■■■ When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the burden of proof is initially on the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Mattei v. State*, 455 S.W.2d 761, 765–66 (Tex.Crim. App.1970); *see also State v. Wood*, 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Russell*, 717 S.W.2d at 9. To defeat that presumption of proper conduct, defendant has the initial burden of producing evidence establishing that a search or seizure occurred without a warrant or valid consent. There is no question that Giles's car was searched without a warrant or consent.[2] Rather, the State argues that the search was a valid inventory search of the vehicle. The burden of proof is upon the State to show a lawful inventory search. *Ward v. State*, 659 S.W.2d 643, 646 (Tex. Crim.App.1983); *Benavides v. State*, 600 S.W.2d 809, 812 (Tex.Crim.App.1980).

## 3. Law Relating to Inventory Search.

■■■ When an automobile is in police custody, securing and inventorying the contents of the automobile does not necessarily violate the constitutional prohibition against unreasonable searches and seizures. *South Dakota v. Opperman*, 428 U.S. 364, 365, 375, 96 S.Ct. 3092, 3095, 3100, 49 L.Ed.2d 1000, 1003, 1008 (1976); *Cady v. Dombrowski*, 413 U.S. 433, 439, 93 S.Ct. 2523, 2527, 37 L.Ed.2d 706, 713 (1973). There must, however, be a lawful impoundment of the automobile before the inventory search may be upheld. *Benavides*, 600 S.W.2d at 810. A routine inventory search may be made without a warrant if

standard procedures are followed, the search is not a pretext for an investigatory motive, and the scope of the search is reasonable. *Opperman*, 428 U.S. at 365, 96 S.Ct. at 3095, 49 L.Ed.2d at 1003. The rationale behind allowing police to itemize and account for the property in the arrestee's possession by means of an inventory search is that the inventory reduces the risk that such property will be lost or stolen, or that the arrestee will accuse the police of stealing or losing his possessions. See *Colorado v. Bertine*, 479 U.S. 367, 373, 107 S.Ct. 738, 742, 93 L.Ed.2d 739, 746 (1987).

## 4. Application of Law to the Present Cause.

■■■ In the present cause, the trial court suppressed the evidence found during the search of Giles's truck at the sheriff's impound lot, concluding that the search was a warrantless exploratory search for evidence rather than a valid inventory search. The evidence supports this conclusion in two respects. First, Postal Inspector David Woods testified unequivocally that the search was performed for the purpose of finding evidence, rather than to safeguard Giles's possessions:

Q: Okay. Now, your purpose when you inventoried the vehicle, which you went through the vehicle, was to find evidence of criminal activity; specifically, child pornography, wasn't it?

A: Yes.

Q: You had no purpose—you weren't at all intending to inventory the contents to protect the government against later claims by Mr. Giles that something had been taken, did you?

A: Well, we had a consent search on that vehicle as well from Mr. Giles. It was our intent to look for the evidence. I'm not sure what you mean by 'protect the government.'

Q: Okay. Well, at no point in time was your purpose in going through and inventorying it was it to take stock of what was in the vehicle to protect the

---

**2.** Although Giles signed a consent form authorizing the search of his vehicle, the trial court suppressed the consent to search on the ground

that it had been obtained after Giles invoked his right to counsel. The State does not challenge this ruling.

government against later claims that something had been taken, was it?

A: I don't know. We were doing it at the sheriff's office and in conjunction with the sheriff's department. So, in other words, there may have been more than one purpose being served while that was going on. *My purpose was to find evidence of criminal wrongdoing.* [Emphasis added].

Second, the most valuable item in Giles's vehicle, a Beretta handgun, was not even listed on the inventory sheet, indicating that perhaps the peace officers involved in this search were not primarily concerned with safeguarding Giles's possessions.

█ The trial court is the sole trier of fact at a hearing on a motion to suppress, and as such, it may choose to believe or disbelieve any or all of the witnesses's testimony. *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim. App.1980). Thus, the trial court properly accepted Inspector Woods's testimony that the search was for the purpose of looking for evidence. Failing to include the Beretta in the inventory list is likewise telling evidence of this search's true nature.

Moreover, the trial court could have concluded that the search performed at the impound lot was not conducted in accordance with sufficiently-regulated procedures. Local police and other law enforcement departments generally follow a routine practice in securing and inventorying the contents of an impounded vehicle. "These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody; the protection of the police against claims or disputes over lost or stolen property; and the protection of the police from potential danger." *Opperman,* 428 U.S. at 369, 96 S.Ct. at 3097, 49 L.Ed.2d at 1005; *Guillett v. State,* 677 S.W.2d 46, 49 (Tex.Crim.App.1984); *Sedani v. State,* 848 S.W.2d 314, 317 (Tex.App.— Houston [1st Dist.] 1993, pet. ref'd). Here, three witnesses testified that the sheriff's department has a policy concerning inventory searches but they gave conflicting versions of what the policy entailed.

If the trial judge's decision on a suppression motion is correct on any theory of law applicable to the case, we will sustain on appeal. *Calloway,* 743 S.W.2d at 651–52; *Salas,* 629 S.W.2d at 796. In this cause, the record supports the findings of fact entered by the 171st District Court and this Court will not disturb them. We further conclude that the trial court properly applied the law of inventory searches to the facts of the present cause. See *Romero,* 800 S.W.2d at 543; *Self,* 709 S.W.2d at 662; *Johnson,* 698 S.W.2d at 159. We overrule Points of Error One, Two, and Three.

### GILES'S CROSS–POINTS

**5. *Automobile Search.***

█ In his first cross-point, Giles contends that the trial court erred in refusing to suppress all fruits of any search of Giles's vehicle since the entire search was conducted as a pretext to avoid the warrant requirement of the Texas Constitution.[3]

The record reflects that, at the conclusion of the hearing on the Motion to Suppress Evidence, the trial court suppressed the evidence obtained through the search of Giles's truck at the sheriff's impound lot, but not the evidence obtained when the peace officers searched the truck at the scene of the arrest. The trial judge clarified that the evidence found in Giles's truck was admissible with the exception of the items found inside several closed containers. Giles argues that the evidence found during this initial search should have been suppressed along with the items found during the search at the impound lot.

Giles's cross-points relate to the hearing on the Motion to Suppress Evidence, and all of the standards we have previously recited apply. Thus, we will sustain the trial judge's decision if it is correct on any theory of law applicable to the case, even though the trial judge gave the wrong reason for the decision.

---

**3.** Giles argues that the stop of his vehicle was pretextual, because the deputy sheriffs and postal inspectors waited until he was in his vehicle before they arrested him rather than arresting him at his home. We reject this argument because these peace officers acted on a valid arrest warrant.

*Calloway,* 743 S.W.2d at 651–52; *Salas,* 629 S.W.2d at 796.

██ A search or seizure that occurs without a warrant issued upon probable cause is "per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967). One recognized exception allows police to make a warrantless search of an automobile stopped on a road for probable cause. *See Carroll v. United States,* 267 U.S. 132, 149, 45 S.Ct. 280, 283, 69 L.Ed. 543, 549 (1925); *Vargas v. State,* 852 S.W.2d 43, 46 (Tex.App.—El Paso 1993, no pet.). The United States Supreme Court has held that an immediate search based on probable cause is constitutionally permissible because a "car is moveable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428 (1970); *Vargas,* 852 S.W.2d at 46. Relying upon *Chambers,* the Court of Criminal Appeals has also stated that "when a peace officer possesses probable cause that a motor vehicle contains contraband or the instrumentalities of a crime, a valid [warrantless] search can be conducted in the area of the vehicle where the facts justify the officer's belief that such evidence is there concealed." *Christopher v. State,* 639 S.W.2d 932, 935 (Tex.Crim.App.1982).

██ Probable cause for a search exists where the officer or officers on the scene have knowledge of facts, circumstances, or reasonably trustworthy information that would lead a person of reasonable caution and prudence to believe that he or she will find the instrumentality of a crime or evidence pertaining to a crime. *Brown v. State,* 481 S.W.2d 106, 110 (Tex.Crim.App.1972). In the present cause, Inspector Woods testified that he had spoken with a young girl portrayed in some of Giles's pornographic photographs and the girl had stated that Giles had driven her and another girl into the desert to take pictures. Based on that discussion, Woods concluded that camera equipment might be present in Giles's truck at the time of his arrest. Woods in fact found three cameras and additional photographs of the young girl when he searched the truck.

Woods and the other peace officers lawfully performed a warrantless search under the automobile exception to the warrant requirement. Although the trial judge did not articulate this exception as the rationale for declining to suppress the complained-of evidence, this Court will sustain the trial judge's decision if it is correct on any theory of law applicable to the case. *Calloway,* 743 S.W.2d at 651–52; *Salas,* 629 S.W.2d at 796. We overrule Cross–Point One.

**6. *Suppression of Handwriting Exemplar.***

██ In a second cross-point, Giles complains that the trial court erred in not suppressing Giles's handwriting exemplars as they were obtained in violation of Giles's right to counsel and his self-incrimination privilege under Article I, § 10 of the Texas Constitution. Giles argues that he would not have given the exemplars had the officers not continued to question him after he invoked his right to counsel.[4]

Giles concedes that the trial court's decision not to suppress the exemplars is correct if analyzed simply under the federal constitutional privilege against self-incrimination, but argues that the self-incrimination privilege of Article 1, § 10 of the Texas Constitution is considerably broader in that it forbids a person from being compelled "to give evidence against himself." The Court of Criminal Appeals rejected just this argument in *Thomas v. State,* 723 S.W.2d 696, 702–03 (Tex.Crim. App.1986), and we reject it as well.

Giles further argues that because the handwriting exemplars were obtained in violation of his right to counsel, they are subject to suppression even though they are not testimonial. He argues that Tex.Code Crim. Proc.Ann. art. 38.23 (Vernon 1979 and Supp. 1993) mandates the exclusion of illegally obtained evidence at trial, without distinguishing between testimonial and non-testimonial evidence. Thus, Giles argues that it is of no

4. As noted earlier, the trial court suppressed the evidence obtained upon authority of consent forms Giles signed after invoking his right to counsel.

consequence that the handwriting exemplars are non-testimonial in nature.

In support of this argument, Giles cites *Holloway v. State*, 780 S.W.2d 787 (Tex. Crim.App.1989). While the *Holloway* Court stresses the importance of extending the right to counsel to the pretrial stages, it nonetheless speaks in terms of governmental attempts to secure incriminating *statements* from the accused. *Holloway*, 780 S.W.2d at 793. Giles concedes that the handwriting exemplar is non-testimonial. We therefore overrule this point of error.

## CONCLUSION

We affirm the trial court judgment.