COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JAIME GALINDO,                                             )                  No. 08-03-00236-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  County Court at Law No. 2
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20010C17478)

MEMORANDUM OPINION

            Jaime Galindo appeals his conviction for driving while intoxicated. Appellant pled guilty
to the offense and was sentenced by the trial court to thirteen months’ probation and a $300 fine. 
We affirm.
PROCEDURAL SUMMARY
            Appellant filed a motion to suppress the intoxilyer results on December 11, 2001. After
receiving briefs from the parties, the trial court denied the motion on June 12, 2002. A hearing on
the request to suppress the arrest and evidence was held on November 7, 2002, and the trial court
denied the motion on November 13, 2002. The trial court also issued findings of fact and
conclusions of law. 
FACTUAL SUMMARY
            El Paso Police Department Officer Charles Edward Walker testified as the only witness at
the hearing on Appellant’s motion to suppress. Around 11:40 p.m. on November 17, 2001, Walker
was on patrol and approaching the overpass from Railroad onto Gateway South in route to the county
jail to book a prisoner. Walker saw Appellant, who was driving an old model VW, commit several
traffic violations including impeding traffic, straddling two lanes, and almost colliding with the
overpass wall three times. Walker also saw a white older model vehicle behind Appellant attempting
to pass him because he was only going 35 to 40 m.p.h. in a 55 m.p.h. zone. The white vehicle
attempted to pass Appellant, but Appellant straddled both lanes so that the vehicle could not pass. 
The white car backed off and moved into the right lane, as did Appellant. The officer moved up
beside the white car and motioned for the driver to back off so that he could get in between the two
vehicles. The officer then moved in behind Appellant as he approached the top of the overpass and
turned on his emergency lights to conduct a traffic stop. The officer observed Appellant almost
collide with the overpass. Appellant drove onto the far shoulder and failed to get completely off the
roadway. Walker exited his vehicle and knocked on Appellant’s window about four times. When
Appellant did not respond to the knocking, Walker opened the door. Appellant looked at him with
a fixed stare and glassy bloodshot eyes. Walker smelled alcohol upon opening the door and on
Appellant’s breath when he exited the car. Appellant’s balance was unsteady and his walk staggered. 
The officer believed that Appellant might be intoxicated and decided to administer field sobriety
tests. The officer characterized Appellant’s performance on the tests as poor. Walker then
determined that Appellant was intoxicated and placed him under arrest. Appellant provided a breath
sample at the station which was over the legal limit. 
DENIAL OF MOTION TO SUPPRESS
            In his sole point of error on appeal, Appellant contends that the trial court abused its
discretion in denying his motion to suppress because the officer did not have articulable facts rising
to a reasonable suspicion that he had committed a traffic offense.
Standard of Review
            A trial court’s denial of a motion to suppress is reviewed for an abuse of discretion. Oles v.
State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). As a general rule, appellate courts should afford
almost total deference to a trial court’s determination of the historical facts that the record supports
especially when the trial court’s fact findings are based on an evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The appellate courts should afford the
same amount of deference to trial courts’ rulings on “application of law to fact questions,” also
known as “mixed questions of law and fact,” if resolution of those ultimate questions turns on an
evaluation of credibility and demeanor. Id. We may review de novo “mixed questions of law and
fact” not falling within this category. Id. If the issue is whether probable cause or reasonable
suspicion existed to detain a suspect under the totality of the circumstances, the trial judge is not in
an appreciably better position than the reviewing court to make that determination. Id. at 87.
Accordingly, determinations of reasonable suspicion and probable cause are reviewed de novo. Id. 
Applicable Law 
            There is no dispute that Appellant was stopped without a warrant and without his consent;
accordingly, at the suppression hearing the State had the burden of proving the reasonableness of the
stop. See Russell v. State, 717 S.W.2d 7, 9-10 (Tex.Crim.App. 1986); State v. Giles, 867 S.W.2d
105, 108 (Tex.App.--El Paso 1993, pet. ref’d). A peace officer’s decision to stop an automobile is
reasonable under the Fourth Amendment when the officer has a reasonable articulable suspicion that
criminal activity may be afoot. See Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d
889 (1968). Reasonable suspicion exists when, based on the totality of the circumstances, the officer
has specific articulable facts which lead him to conclude that the person is, has been, or soon will
be engaged in criminal activity. Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). An
officer may lawfully stop and detain a person for a traffic violation. Garcia v. State, 827 S.W.2d
937, 944 (Tex.Crim.App. 1992). 
            Appellant argues that the officer did not have sufficient articulable facts rising to reasonable
suspicion that he had committed a traffic offense. He claims that his movement had to be either
unsafe or dangerous to fall within the purview of Section 545.060 of the Texas Transportation Code. 
He further suggests that Walker did not indicate that his movement was unsafe or dangerous and that
there was only evidence that he was weaving, which was insufficient for a stop and no indication that
he was intoxicated. In support of his argument, he directs us to the following cases: Hernandez v.
State, 983 S.W.2d 867 (Tex.App.--Austin 1998, pet. ref’d); State v. Tarvin, 972 S.W.2d 910
(Tex.App.--Waco 1998, pet. ref’d); State v. Arriaga, 5 S.W.3d 804 (Tex.App.--San Antonio 1999,
pet. ref’d); and State v. Cerny, 28 S.W.3d 796 (Tex.App.--Corpus Christi 2000, no pet.). 
            In Hernandez, the defendant was driving in the right-hand lane of a five-lane road when he
swerved to the left eighteen to twenty-four inches failing to maintain a single-marked lane. 983
S.W.2d at 868. The officer initiated a traffic stop three to four seconds after the defendant swerved. 
Id. The officer admitted that the lane change problem was the only reason for the stop. Id. There
were very few vehicles around, and Hernandez did not cause any problems for any of them. Id. The
officer felt that the lane change was unsafe because he was concerned about the driver’s well-being. 
Id. The Austin Court of Appeals first addressed the State’s argument that even if it did not have
sufficient articulable facts rising to a reasonable suspicion that the defendant had committed a traffic
offense, it did have a reasonable suspicion that Hernandez was driving while intoxicated. Id. at 869-70. The court found after considering the totality of the circumstances that the State had not met its
burden of proving that the defendant’s conduct was suspicious enough to warrant police intrusion
at the time the stop was made. Id. at 870. The court concluded that the officer did not have ample
reason to suspect that Hernandez was driving while intoxicated. Id.; contra Held v. State, 948
S.W.2d 45, 51 (Tex.App.--Houston [14th Dist.] 1997, pet. ref’d)(officer observed defendant’s
vehicle weaving randomly in and out of three lanes of traffic); Ortiz v. State, 930 S.W.2d 849, 856
(Tex.App.--Tyler 1996, no pet.)(officers saw defendant weave left and hit grassy median, kicking
up dirt and grass, then continue to weave inside his lane two or three times); Davis v. State, 923
S.W.2d 781, 784, 788 (Tex.App.--Beaumont 1996)(officers saw defendant weave “line to line”
multiple times, suspected he was intoxicated), rev’d on other grounds, 947 S.W.2d 240
(Tex.Crim.App. 1997); Fox v. State, 900 S.W.2d 345, 346 (Tex.App.--Fort Worth 1995)(officer
followed defendant for four miles, during which time his speed fluctuated between 40 and 55 miles
per hour four times and he was weaving within his lane), pet. dism’d per curiam, 930 S.W.2d 607
(Tex.Crim.App. 1996); Raffaelli v. State, 881 S.W.2d 714, 716 (Tex.App.--Texarkana 1994, pet.
ref’d)(officer saw defendant weave back and forth in his lane, then exit interstate at “high rate of
speed”); Townsend v. State, 813 S.W.2d 181, 185 (Tex.App.--Houston [14th Dist.] 1991, pet.
ref’d)(officer saw defendant weave back and forth across three traffic lanes); Barraza v. State, 733
S.W.2d 379, 380 (Tex.App.--Corpus Christi 1987)(officer saw defendant “weaving within his lane”
and make “two improper turns”), aff’d, 790 S.W.2d 654 (Tex.Crim.App. 1990); Miffleton v. State,
728 S.W.2d 880, 882 (Tex.App.--Austin 1987)(officer saw defendant driving in an “erratic manner,”
including rapid acceleration, weaving, and excessive speed), aff’d, 777 S.W.2d 76 (Tex.Crim.App.
1989). The court also noted that the officer did not have a reasonable suspicion that Hernandez had
committed a traffic offense since a violation of Section 545.060 occurs only when a vehicle fails to
stay within its lane and the movement is not safe or is not made safely. Hernandez, 983 S.W.2d at
871. 
            In Tarvin, the officer was following the defendant and observed him drift to the right side of
a two-lane road causing his tires to go over the solid white line at the right-hand side of the road on
two or three occasions. 972 S.W.2d at 910-11. The officer did not observe any other driving
infractions. Id. at 912. In fact, the officer testified that the only reason for the stop was because the
vehicle crossed over the white line. Id. The court found that Tarvin’s driving did not provide a
reasonable suspicion of criminal activity. Id. However, the court opined that “mere weaving in
one’s own lane of traffic can justify an investigatory stop when that weaving is erratic, unsafe, or
tends to indicate intoxication or other criminal activity.” Id. 
            In Arriaga, the officer saw the defendant’s car drift several times over a one and a half mile
radius. 5 S.W.3d at 807. The court found that the State had failed to offer facts characterizing the
his driving as erratic, unsafe, or indicative of intoxication. Id. Accordingly, the court decided that
without more the officer’s stop was unreasonable. Id. And in Cerny, the officer observed the
defendant swerve over the solid white line separating the traffic lane from the right shoulder of the
road three or four times. 28 S.W.3d at 799. The officer did not stop him for any other reason than
his failure to maintain a single lane. Id. The court found that while the testimony established that
Cerny was weaving somewhat within his own lane of traffic, there was no evidence that his actions
were unsafe. Id. at 801.
            We find these cases to be distinguishable since Officer Walker was not relying solely on in-lane weaving. He testified that Appellant was impeding traffic, straddling two lanes, and almost
collided with the overpass wall three times. Walker testified that Appellant was preventing another
vehicle from passing him by swerving into the other lane. First, these observations were sufficient
to justify a reasonable suspicion that Appellant should be stopped to determine the cause for his
erratic driving. Next, the officer had a reasonable suspicion that Appellant had committed traffic
offenses, including the failure to maintain a single lane of traffic and doing so in an unsafe manner. 
Tex.Transp.Code Ann. § 545.060(a)(Vernon 1999). Walker also had a reasonable suspicion that
Appellant impeded the movement of traffic. Tex.Transp.Code Ann. § 545.363(a). Finally, the
officer’s observations were sufficient to create a reasonable suspicion that Appellant might be
driving while impaired by alcohol or drugs. His stated reason for the stop is not controlling if there
is an objectively reasonable basis for the stop as shown by the evidence. See Garcia v. State, 43
S.W.3d 527, 530 (Tex.Crim.App. 2001); Walter v. State, 28 S.W.3d 538, 543 (Tex.Crim.App. 2000).
            We find that there were sufficient articulable observed facts, which in the light of the
officer’s experience, would warrant a reasonable person to believe that an offense had occurred. 
Point of Error No. One is overruled, and the judgment of the trial court is affirmed. 


August 26, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)