GOAINS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-070-CR

ROBIN HOPE GOAINS A/K/A APPELLANT

ROBIN HOPE JOHNSON

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robin Hope Goains a/k/a Robin Hope Johnson appeals from the trial court’s denial of her motion to suppress.  We affirm.

Factual and Procedural Background 

Deputy Mark Smith received a call from dispatch with information regarding what was believed to be a burglary in a residential community.  Smith drove to where the complainant was and he provided Deputy Smith with a description, license plate number, and last known location of the van he saw leaving his driveway.  Deputy Smith drove towards the area in which the van was last seen.  As he approached the area, he saw a van matching the description.  It had a missing headlight, only one headlight illuminated, and a flat tire.  According to Deputy Smith, Appellant, the driver of the van, was stopped in the middle of the road, which was not an intersection.  Smith testified that he stopped and that as he rolled down his window, Appellant began asking for help.  Because she appeared to need assistance, Smith told her to pull into the nearby parking lot.  When he approached Appellant’s van, he noticed that Appellant was intoxicated, and he arrested her for driving while intoxicated.  Appellant filed a motion to suppress that was denied by the trial court.  After the trial court denied the motion to suppress, Appellant pled guilty to the offense; however, the trial court specifically provided that Appellant retained her right to appeal.

Sole Point 

In one point, Appellant contends that the trial court erred in denying her motion to suppress.  Specifically, she asserts that the trial court mistakenly held that law enforcement officers have the authority to stop a vehicle traveling at night with only one headlight illuminated.  For search and seizure issues, we review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts that turn on credibility and demeanor while reviewing de novo other applications of law to fact issues.  
See Johnson v. State, 
68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  Appellate courts should also afford nearly total deference to trial courts’ rulings on application-of-law-to-fact questions, also known as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.  
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Appellate courts may review de novo mixed questions of law and fact not falling within this category.  
Id
.  In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based only on that evidence, rather than evidence that may have been introduced later.  
James v. State
, 102 S.W.3d 162, 170 (Tex. App.—Fort Worth 2003, pet. ref'd). 

No Fourth Amendment Violation

Every interaction between police officers and citizens does not implicate the Fourth Amendment.  
See
 
Florida v. Bostick
, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386 (1991); 
Corbin v. State
, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002).  For purposes of Fourth Amendment analyses, police-civilian interactions are divided into three categories:  (1) encounters; (2) detentions; and (3) arrests.  
See Florida v. Royer
, 460 U.S. 491, 497-99, 103 S. Ct. 1319,  1323-25 (1983).  In an encounter, a police officer may approach a citizen without probable cause or reasonable suspicion to ask questions or even to request a search because the citizen approached is under no compulsion to remain.  
See id. 
at 497-98, 103 S. Ct. at 1323-24; 
Johnson v. State
, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995).  Therefore, in this case, Deputy Smith was as free as any other citizen to approach
 
Appellant as she was stopped in the middle of the road.  
See Bostick
, 501 U.S. at 434, 111 S. Ct. at 2386 (holding that officers do not violate the Fourth Amendment by merely approaching an individual on the street or other public place and asking questions); 
Hunter v. State
, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997) (same).  A review of the record reveals that Deputy Smith’s initial contact with Appellant was due to her request for assistance from Smith; therefore this initial contact constitutes a voluntary encounter that does not implicate the Fourth Amendment.  
See
 
United States v. Drayton
, 536 U.S. 194, 200-01, 122 S. Ct. 2105, 2110 (2002); 
Hunter
, 955 S.W.2d at 104. 

Furthermore, even in the absence of any suspicion of criminal activity, the community caretaking exception allows police officers, as part of their duty to “serve and protect,” to stop or temporarily detain an individual who a reasonable person would believe is in need of help given the totality of the circumstances.  
See Wright v. State
, 7 S.W.3d 148, 151 (Tex. Crim. App. 1999).  In order to invoke his community caretaking function, the officer's primary motive must be concern for the individual's well-being.  
Corbin
, 85 S.W.3d at 277.  Here, given the circumstances, a reasonable person would believe that Appellant was in need of help.  The record reflects that Deputy Smith noticed Appellant’s van with a flat tire around midnight, stopped in the middle of the road, which was not an intersection.  Although he was looking for the van allegedly involved in the burglary, Smith testified that driving “with a flat tire produces a dangerous environment for the vehicle to be driven in” and that to continue to drive on a flat tire is hazardous.

In reviewing a trial court’s decision on a motion to suppress, appellate courts must affirm the decision if it is correct on any theory of law that finds support in the record.  
Osbourn v. State
, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002); 
Pettigrew v. State
, 908 S.W.2d 563, 567-68 (Tex. App.—Fort Worth 1995, pet. ref’d).  This principle applies even when the trial judge gives the wrong reason for his or her decision.
(footnote: 2)
We hold that the trial court, as the exclusive judge of credibility and finder of fact at the motion to suppress hearing, could have concluded that Deputy Smith was primarily motivated by community caretaking concerns.  
See Corbin
, 85 S.W.3d at 277.

 Next, we must determine based on the following four nonexclusive factors whether Deputy Smith acted reasonably in detaining Appellant to determine if she needed help:  (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and (4) to what extent the individual, if not assisted, presented a danger to himself or others.  
Wright
, 7 S.W.3d at 151-52.  The first factor is entitled the greatest weight.  
Corbin
, 85 S.W.3d at 277. 

 Here, the first and second factors weigh in favor of Deputy Smith exercising his community caretaking function.  Being in a vehicle around midnight while it is dark, in the middle of the street with a flat tire and missing headlight, and asking a police officer for help, demonstrates an extremely high level of distress.  The third factor also weighs in favor of the interaction.  There is no evidence in the record that there was anyone else in the van with Appellant or that she had a cell phone to call for assistance.  Instead, the record supports the conclusion that Deputy Smith was the only individual present at that time who could assist Appellant, and that she initiated the contact with Deputy Smith by asking for his help.  Finally, the fourth factor also weighs in favor of the interaction.  If Deputy Smith had simply left Appellant alone in the middle of the road with a flat tire without assisting her, the situation could have become dangerous to other cars traveling on the roadway.  For example, another driver on the road could have hit the van and caused a traffic accident that potentially could have injured others as well as Appellant.  Instead, Smith responded to Appellant’s request for assistance by instructing her to pull into a nearby parking lot.  Applying the 
Wright
 factors, we conclude that Deputy Smiths’ exercise of his community caretaking function was reasonable in trying to protect the safety of Appellant and other individuals traveling on the roadway. 

An encounter becomes an investigative detention if the police officer's words or conduct would communicate to a reasonable person that he or she is not free to deny the officer's requests or terminate the encounter.  
See State v. Velasquez
, 994 S.W.2d 676, 679 (Tex. Crim. App. 1999).  An investigative detention is permitted when supported by reasonable suspicion.  
Terry v. Ohio
, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968); 
Brother v. State
, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.).  Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in, or is or soon will be engaging in, illegal conduct.  
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  The reasonableness of a given detention will turn on the totality of the circumstances in that particular case.  
Balentine v. State
, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).

Deputy Smith testified that once he approached the van to assist Appellant he noticed “[i]mmediately that she was intoxicated.”  These facts are sufficient to justify Deputy Smith’s detention of Appellant based on reasonable suspicion of driving while intoxicated.  
See Garcia
, 43 S.W.3d at 530.  Therefore, we overrule Appellant’s sole point.    

Conclusion

Applying the appropriate standard of review, we hold that the trial court did not err in denying Appellant’s motion to suppress.  We overrule Appellant’s sole point and affirm the trial court’s judgment.   

PER CURIAM 

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH  

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
In the present case the trial court ruled that the proffered testimony was hearsay and not admissible.  The testimony did not fall under any hearsay rule and should have been excluded because it was irrelevant.  However, the ruling in 
Salas
 was affirmed because the court’s ruling on the admissibility was correct even though the reason it announced was incorrect.  
See Salas v. State
, 629 S.W.2d 796, 799 (Tex. App.—Houston [14th Dist.] 1981, no pet.) (holding when a trial court’s ruling on admission of evidence is correct, though for wrong or insufficient reason, it will not result in reversal if it is admissible for any reason).