COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-070-CR
  
  
ROBIN 
HOPE GOAINS A/K/A                                                   APPELLANT
ROBIN 
HOPE JOHNSON
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Robin Hope Goains a/k/a Robin Hope Johnson appeals from the trial court’s 
denial of her motion to suppress. We affirm.
Factual and 
Procedural Background
        Deputy 
Mark Smith received a call from dispatch with information regarding what was 
believed to be a burglary in a residential community. Smith drove to where the 
complainant was and he provided Deputy Smith with a description, license plate 
number, and last known location of the van he saw leaving his driveway. Deputy 
Smith drove towards the area in which the van was last seen. As he approached 
the area, he saw a van matching the description. It had a missing headlight, 
only one headlight illuminated, and a flat tire. According to Deputy Smith, 
Appellant, the driver of the van, was stopped in the middle of the road, which 
was not an intersection. Smith testified that he stopped and that as he rolled 
down his window, Appellant began asking for help. Because she appeared to need 
assistance, Smith told her to pull into the nearby parking lot. When he 
approached Appellant’s van, he noticed that Appellant was intoxicated, and he 
arrested her for driving while intoxicated. Appellant filed a motion to suppress 
that was denied by the trial court. After the trial court denied the motion to 
suppress, Appellant pled guilty to the offense; however, the trial court 
specifically provided that Appellant retained her right to appeal.
Sole Point
        In 
one point, Appellant contends that the trial court erred in denying her motion 
to suppress. Specifically, she asserts that the trial court mistakenly held that 
law enforcement officers have the authority to stop a vehicle traveling at night 
with only one headlight illuminated. For search and seizure issues, we review a 
trial court's ruling on a motion to suppress under a bifurcated standard of 
review, giving almost total deference to the trial court's determination of 
historical facts that turn on credibility and demeanor while reviewing de novo 
other applications of law to fact issues. See Johnson v. State, 68 S.W.3d 
644, 652-53 (Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323, 
327 (Tex. Crim. App. 2000). Appellate courts should also afford nearly total 
deference to trial courts’ rulings on application-of-law-to-fact questions, 
also known as mixed questions of law and fact, if the resolution of those 
ultimate questions turns on an evaluation of credibility and demeanor. Guzman 
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Appellate courts may 
review de novo mixed questions of law and fact not falling within this category. 
Id. In determining whether a trial court's decision is supported by the 
record, we generally consider only evidence adduced at the suppression hearing 
because the ruling was based only on that evidence, rather than evidence that 
may have been introduced later. James v. State, 102 S.W.3d 162, 170 (Tex. 
App.—Fort Worth 2003, pet. ref'd).
No Fourth 
Amendment Violation
        Every 
interaction between police officers and citizens does not implicate the Fourth 
Amendment. See Florida v. Bostick, 501 U.S. 429, 434, 111 S. Ct. 
2382, 2386 (1991); Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 
2002). For purposes of Fourth Amendment analyses, police-civilian interactions 
are divided into three categories: (1) encounters; (2) detentions; and (3) 
arrests. See Florida v. Royer, 460 U.S. 491, 497-99, 103 S. Ct. 1319, 
1323-25 (1983). In an encounter, a police officer may approach a citizen without 
probable cause or reasonable suspicion to ask questions or even to request a 
search because the citizen approached is under no compulsion to remain. See 
id. at 497-98, 103 S. Ct. at 1323-24; Johnson v. State, 912 S.W.2d 
227, 235 (Tex. Crim. App. 1995). Therefore, in this case, Deputy Smith was as 
free as any other citizen to approach Appellant as she was stopped in the middle 
of the road. See Bostick, 501 U.S. at 434, 111 S. Ct. at 2386 (holding 
that officers do not violate the Fourth Amendment by merely approaching an 
individual on the street or other public place and asking questions); Hunter 
v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997) (same). A review of the 
record reveals that Deputy Smith’s initial contact with Appellant was due to 
her request for assistance from Smith; therefore this initial contact 
constitutes a voluntary encounter that does not implicate the Fourth Amendment. See 
United States v. Drayton, 536 U.S. 194, 200-01, 122 S. Ct. 2105, 2110 
(2002); Hunter, 955 S.W.2d at 104.
        Furthermore, 
even in the absence of any suspicion of criminal activity, the community 
caretaking exception allows police officers, as part of their duty to “serve 
and protect,” to stop or temporarily detain an individual who a reasonable 
person would believe is in need of help given the totality of the circumstances. 
See Wright v. State, 7 S.W.3d 148, 151 (Tex. Crim. App. 1999). In order 
to invoke his community caretaking function, the officer's primary motive must 
be concern for the individual's well-being. Corbin, 85 S.W.3d at 277. 
Here, given the circumstances, a reasonable person would believe that Appellant 
was in need of help. The record reflects that Deputy Smith noticed Appellant’s 
van with a flat tire around midnight, stopped in the middle of the road, which 
was not an intersection. Although he was looking for the van allegedly involved 
in the burglary, Smith testified that driving “with a flat tire produces a 
dangerous environment for the vehicle to be driven in” and that to continue to 
drive on a flat tire is hazardous.
        In 
reviewing a trial court’s decision on a motion to suppress, appellate courts 
must affirm the decision if it is correct on any theory of law that finds 
support in the record. Osbourn v. State, 92 S.W.3d 531, 538 (Tex. Crim. 
App. 2002); Pettigrew v. State, 908 S.W.2d 563, 567-68 (Tex. App.—Fort 
Worth 1995, pet. ref’d). This principle applies even when the trial judge 
gives the wrong reason for his or her decision.[2]
We 
hold that the trial court, as the exclusive judge of credibility and finder of 
fact at the motion to suppress hearing, could have concluded that Deputy Smith 
was primarily motivated by community caretaking concerns. See Corbin, 85 
S.W.3d at 277.
        Next, 
we must determine based on the following four nonexclusive factors whether 
Deputy Smith acted reasonably in detaining Appellant to determine if she needed 
help: (1) the nature and level of the distress exhibited by the individual; (2) 
the location of the individual; (3) whether or not the individual was alone 
and/or had access to assistance independent of that offered by the officer; and 
(4) to what extent the individual, if not assisted, presented a danger to 
himself or others. Wright, 7 S.W.3d at 151-52. The first factor is 
entitled the greatest weight. Corbin, 85 S.W.3d at 277.
        Here, 
the first and second factors weigh in favor of Deputy Smith exercising his 
community caretaking function. Being in a vehicle around midnight while it is 
dark, in the middle of the street with a flat tire and missing headlight, and 
asking a police officer for help, demonstrates an extremely high level of 
distress. The third factor also weighs in favor of the interaction. There is no 
evidence in the record that there was anyone else in the van with Appellant or 
that she had a cell phone to call for assistance. Instead, the record supports 
the conclusion that Deputy Smith was the only individual present at that time 
who could assist Appellant, and that she initiated the contact with Deputy Smith 
by asking for his help. Finally, the fourth factor also weighs in favor of the 
interaction. If Deputy Smith had simply left Appellant alone in the middle of 
the road with a flat tire without assisting her, the situation could have become 
dangerous to other cars traveling on the roadway. For example, another driver on 
the road could have hit the van and caused a traffic accident that potentially 
could have injured others as well as Appellant. Instead, Smith responded to 
Appellant’s request for assistance by instructing her to pull into a nearby 
parking lot. Applying the Wright factors, we conclude that Deputy 
Smiths’ exercise of his community caretaking function was reasonable in trying 
to protect the safety of Appellant and other individuals traveling on the 
roadway.
        An 
encounter becomes an investigative detention if the police officer's words or 
conduct would communicate to a reasonable person that he or she is not free to 
deny the officer's requests or terminate the encounter. See State v. 
Velasquez, 994 S.W.2d 676, 679 (Tex. Crim. App. 1999). An investigative 
detention is permitted when supported by reasonable suspicion. Terry v. Ohio, 
392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968); Brother v. State, 85 
S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.). Reasonable suspicion 
exists if the officer has specific articulable facts that, when combined with 
rational inferences from those facts, would lead him to reasonably suspect that 
a particular person has engaged in, or is or soon will be engaging in, illegal 
conduct. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The 
reasonableness of a given detention will turn on the totality of the 
circumstances in that particular case. Balentine v. State, 71 S.W.3d 763, 
768 (Tex. Crim. App. 2002).
        Deputy 
Smith testified that once he approached the van to assist Appellant he noticed 
“[i]mmediately that she was intoxicated.” These facts are sufficient to 
justify Deputy Smith’s detention of Appellant based on reasonable suspicion of 
driving while intoxicated. See Garcia, 43 S.W.3d at 530. Therefore, we 
overrule Appellant’s sole point.
Conclusion
        Applying 
the appropriate standard of review, we hold that the trial court did not err in 
denying Appellant’s motion to suppress. We overrule Appellant’s sole point 
and affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
 
  
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 24, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In the present case the trial court ruled that the proffered testimony was 
hearsay and not admissible.  The testimony did not fall under any hearsay 
rule and should have been excluded because it was irrelevant.  However, the 
ruling in Salas was affirmed because the court’s ruling on the 
admissibility was correct even though the reason it announced was 
incorrect.  See Salas v. State, 629 S.W.2d 796, 799 (Tex. 
App.—Houston [14th Dist.] 1981, no pet.) (holding when a trial court’s 
ruling on admission of evidence is correct, though for wrong or insufficient 
reason, it will not result in reversal if it is admissible for any reason).